**In re: KFC CORP. FAIR LABOR STANDARDS ACT LITIGATION.**

**MDL No. 1892.**

United States Judicial Panel on Multidistrict Litigation.

Jan. 3, 2008.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ *, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, ANTHONY J. SCIRICA *, Judges of the Panel.

**TRANSFER ORDER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Common defendant KFC Corp. (KFC) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Minnesota. Plaintiffs in all actions oppose the motion.

This litigation currently consists of 28 actions listed on Schedule A and pending in 27 districts as follows: two actions in the District of Minnesota and one action each in 26 other districts throughout the nation.

After considering all argument of counsel, we find that these 28 actions involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of

* Judges Motz and Scirica did not participate in the disposition of this matter.

this litigation. All actions share factual questions arising out of similar allegations that KFC assistant unit managers are entitled to overtime compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and analogous state laws. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to certification of collective and class actions; and conserve the resources of the parties, their counsel and the judiciary.

Objecting plaintiffs assert that centralization under Section 1407 is unnecessary because, *inter alia,* most of the discovery required in the actions has already been completed. We respectfully disagree. Discovery and motion practice with respect to the common factual questions regarding the propriety of KFC's employment practices and compliance with the FLSA and related state laws remains. Centralization under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that ensures streamlined resolution of all actions to the overall benefit of the parties and the judiciary.

■ We are persuaded that the District of Minnesota is an appropriate transferee forum for this litigation. All actions now before the Panel arise from the decertification of a conditionally certified nationwide collective action filed in the District of Minnesota *Parler* action, which has been pending for over two years.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable David S. Doty for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

## SCHEDULE A

MDL No. 1892—*In re: KFC Corp. Fair Labor Standards Act Litigation*

*Middle District of Alabama*

Victoria Poole, et al. v. KFC Corp., C.A. No. 2:07–502

*District of Arizona*

Linda Alberico Pelland, et al. v. KFC Corp., C.A. No. 2:07–1110

*District of Connecticut*

Armando Amador v. KFC Corp., C.A. No. 3:07–883

*District of Delaware*

James Prestigiacomo, et al. v. KFC Corp., C.A. No. 1:07–353

*District of District of Columbia*

Gloria Bell, et al. v. KFC Corp., C.A. No. 1:07–1016

*Middle District of Florida*

Mark Bourlotos, et al. v. KFC Corp., C.A. No. 8:07–968

*Northern District of Georgia*

Constance Wilson, et al. v. KFC Corp., C.A. No. 1:07–1538

*Northern District of Illinois*

Talia Pippion, et al. v. KFC Corp., C.A. No. 1:07–3957

*Southern District of Indiana*

Vickie Aldridge, et al. v. KFC Corp., C.A. No. 4:07–77

*Western District of Kentucky*

    Karen Black, et al. v. KFC Corp., CA. No. 3:07–312

*Middle District of Louisiana*

    Tanya Ford, et al. v. KFC Corp., C.A. No. 3:07–390

*District of Maryland*

    Gloria Dozier, et al. v. KFC Corp., C.A. No. 8:07–1517

*District of Massachusetts*

    Francisco Anacleto, et al. v. KFC Corp., C.A. No. 1:07–11066

*Eastern District of Michigan*

    Minnie Ballard, et al. v. KFC Corp., C.A. No. 2:07–12538

*District of Minnesota*

    Christian Parler, et al. v. KFC Corp., C.A. No. 0:05–2198

    Ray Ackerman, et al. v. KFC Corp., C.A. No. 0:07–2656

*Western District of Missouri*

    Jason Johnson v. KFC Corp., C.A. No. 4:07–416

*District of Nevada*

    Arturo Neyra, et al. v. KFC Corp., C.A. No. 2:07–795

*District of New Jersey*

    Robert Gruber, et al. v. KFC Corp., C.A. No. 1:07–2775

*Southern District of New York*

    David Thames, et al. v. KFC Corp., C.A. No. 1:07–6836

*Western District of North Carolina*

    Nikkia Barkley, et al. v. KFC Corp., C.A. No. 3:07–226

*Southern District of Ohio*

    Thomas Wellman, et al. v. KFC Corp., C.A. No. 1:07–439

*Western District of Oklahoma*

    Grahm Baccus, et al. v. KFC Corp., C.A. No. 5:07–648

*Eastern District of Pennsylvania*

    Troy Williams, et al. v. KFC Corp., C.A. No. 2:07–2920

*Eastern District of Tennessee*

    Kimberlee Bosworth v. KFC Corp., CA No. 1:07–131

*Western District of Texas*

    Claudio Hernandez, et al. v. KFC Corp., C.A. No. 3:07–201

*Eastern District of Virginia*

    Sebrina Dandrige, et al. v. KFC Corp., et al., CA. No. 3:07–332

*Northern District of West Virginia*

    Hope Jones, et al. v. KFC Corp., CA. No. 3:07–74